Good afternoon. The Illinois Appellate Court 5th Division is now in session. The Honorable Justice Mathias W. LaGorge is presiding. Good afternoon. Please be seated. The clerk will call the case. 1-22-0958, Heaple v. Rosalio Gallegos-Moreno. Good afternoon, everyone. Welcome to the Illinois Appellate Court v. District 5th Division. We have one case on the docket today. We're going to ask the attorneys who are going to argue to please step up briefly to introduce themselves. Good afternoon, Your Honors. May it please the Court, Assistant States Attorney Julie Rixey on behalf of the people. Could you pronounce your last name one more time, please? Rixey. Rixey, okay. Rixey, yes. Good afternoon, Your Honors. My name is Brett Zeeb from the State Appellate Defender's Office on behalf of Mr. Rosalio Gallegos-Moreno. All right. Thank you, Counsel. We'll allot 20 minutes for each side. We may cut that or expand it depending on the questions. We'll reserve five minutes extra for the appellant in rebuttal. All right? And with that, Mr. Zeeb, you may proceed when ready. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court. The parties in this case agree that the conduct as alleged in Count 1 of the indictment, and that sexual contact between defendant's sex organ and V.H.'s hand for the purpose of the defendant's sexual gratification, is conduct that satisfies the elements of both predatory criminal sexual assault of a child and aggravated criminal sexual abuse. The parties also agree that the punishment for the PCSA statute is harsher than the aggravated criminal sexual abuse statute. The only disagreement here is whether the disproportionate punishment for that same conduct violates the identical elements test and, therefore, the Illinois Proportionate Penalties Clause. This Court should hope that it does by applying the identical elements test the same way the Illinois Supreme Court has since People v. Christie in 1990, and that's objectively comparing the definitions of the elements of these two statutes and determining if that conduct charged in both, or whether that conduct applies to the definitions of that conduct in the statutes applies to the conduct at issue that's charged in Count 1 here. And that's the touching of an adult sex organ to the child's hand in this case. And just looking at these statutes objectively, they do, in fact, have identical elements. And since the PCSA statute is punished more harshly, that is a proportionate penalties violation. Let me ask, why isn't this issue forfeit? It was never presented to the trial judge. This is a reviewing court. We review what the trial court judge does, right? So isn't it a bit unfair to raise a wholly new issue on appeal? It was never presented to the trial judge. The Illinois Supreme Court repeatedly has looked at this same identical elements proportionate penalties claim. It's a constitutional issue that can be raised at any time. None of the Illinois Supreme Court cases that we cited in our brief has held that the issue's been forfeited. I'd urge the court to do the same. Would it be fair to say you're making an as-applied challenge or a facial challenge? This is a facial challenge, Your Honor. This is not an as-applied challenge. It is true that in the Williams case, and that's from 2015, the defendant at oral argument made for the first time an argument that the AUUW statute was unconstitutional as applied to him. But the court correctly found that when the identical elements test is not an as-applied challenge. Mr. Z, from your very opening statement, you said as we look at the conduct in this case and look at the conduct that is alleged under the predatory sexual assault and the conduct as alleged in the aggravated criminal sexual abuse, that the conduct as alleged is the same. And you're phrasing it as an objectively looking at it, but you're at the end talking about it, as Justice Floyd said, as applied in this case, the conduct is the same. But this argument isn't contingent on Mr. Moreno himself. This same argument would apply to any defendant in this situation who is an adult charged with the touching of a child's sex organ for a sexual gratification. So looking, I mean, you have to, the court has to look at the indictment to see what the defendant is charged with. But then the next step for the identical elements test is to look at the two statutes that evolved, objectively look at that language in the statute, and then determine if the same conduct in both statutes punishes the same conduct as alleged in the indictment. So it's not as applied. It just so happens to be that that's, you have to look at the language of the indictment. But, again, that's not special to Mr. Moreno. That would apply to any defendant in this situation. And then just going back to the Williams case briefly, that is a case that the state cites in its brief. And the issue there was whether the AAUW statute contained the same elements as an FOID Act statute violation. And because there was an additional element there, looking at the two statutes, there was an additional element of location that was involved. So when they compared these two statutes, one had this additional element. Therefore, there was no identical elements violation and no proportion of penalties problem. But in this case, when you look at Section A1 of the PCSA statute and the aggravated criminal abuse statute, they both prohibit the same exact thing. And even though the aggravated criminal sexual abuse has three different ways that a defendant could be found guilty in that way, it's inescapable that conduct in C2 is still there. The touching of an adult sex organ to a child's body for the purpose of sexual gratification of either, it violates both of those statutes. And since the predatory criminal sexual assault of a child statute is punished much more harshly than the other aggravated criminal sexual abuse statute, that's a proportion of penalties violation. But that same Williams case says that the objective, that's an objective test. Yes. Looking at the two statutes, and the objective test does not consider the offenses as applied to the individual defendant. You're asking us to look at the indictment. Aren't we applying it to that individual defendant? Well, I'm asking you to look at the indictment insofar as that's what the defendant was charged with and what he was convicted of. But I'm telling you, I'm asking you to objectively then look at the two statutes. The statutes both contain the same prohibited conduct as alleged in the indictment. And again, that's the touching of an adult sex organ to the child's body for the purpose of sexual gratification. There's, I mean, essentially the state's argument and your questions are going to the fact that the aggravated criminal sexual abuse has three different ways that someone can be found guilty of that. And that's touching of the sex organs, touching any part of the child's body, or transfer of semen upon the child's body. But touching of the sex organs is there just because there are other ways that a defendant can be found guilty of aggravated criminal sexual abuse. It doesn't mean that that same language isn't there. And again, just looking to Christie, Clemens, Ligon, Hernandez, even Williams, it's the same test. You're just objectively looking at the plain language of these two statutes. You're looking at that you're just comparing the definitions of the elements of the offenses. That's what's important. The statute has these elements that the state has to prove. And in this statute, it has these elements. When those elements are the same, you're looking at those objectively and using sound logic. That's the test. The second district's analysis in the Johansson case where they came up with hypotheticals where you could find a defendant guilty under one but not the other. So there were distinctions, right? Well, that's what I was alluding to with the three different ways, Your Honor, that the state is arguing and that what the Johansson court found was that because the aggravated criminal sexual abuse statute is broader and punishes more conduct than the predatory criminal sexual self-charge, therefore, there aren't identical elements. But the Illinois Supreme Court has never held that. Just because a statute is broader. If a subset overlaps, that's sufficient. Well, looking, the conduct is the same in both. The predatory criminal sexual assault has touching of the sex organ for the defendant's gratification, the defendant being older than 17, the child younger than 13. And if you look to Section C2, I'm sorry, to C1 of aggravated criminal sexual abuse, touching of sex organs. Defendant is older than 17, child is younger than 13 for the purpose of either sexual gratification. That's the exact language, objectively. There's no way around that conclusion that that language is the same and that that conduct, that specific conduct, violates both of those statutes. And looking to the indictment, that's just merely what the defendant is charged with. And then the state has to prove that. But it could have been any defendant in Mr. Moreno's situation. So it's not just as applied to him. It's looking at the statutes as a whole, objectively. And maybe a quick discussion of some of this precedent might help, but go ahead. Doesn't the Second District give a counterexample that under one of the statutes, there could be a conviction for someone massaging the back of a child for sexual gratification, which would not be a conviction under the other statute? Right, that's true. Then we wouldn't have an identical elements problem here. If that was just what the language was, but the language does include touching of the sex organs. I mean, the Clemens, I'm sorry, go ahead, Your Honor. But then, Mr. Zeeb, then we are looking, again, as you'd say, looking at the indictment and looking at as it has been applied. But we can't ignore the indictment. But we're not saying it's just the language in the indictment that we're looking at here. It's just that that language matches the statutes. It's only relevant insofar as it identifies with the charges. Right. But what the state proved to prove Mr. Moreno guilty of predatory criminal sexual assault was the touching of the sex organ to the body of the minor child. And that is the same prohibition that is in aggravated criminal sexual abuse statute, the one specific section. It doesn't matter that there are other ways that the defendant could be found guilty of that offense. In Clemens, and this will help you, Your Honor. So in Clemens, in that case, the state was overtly trying to get rid of the identical elements test. One of their arguments was that this test should be overruled. And in that case, they were comparing the armed violence predicated on a robbery with a Class I or Class II weapon and then armed robbery with a firearm. So, again, we're looking at two statutes. In the indictment, the defendant had to be charged with that language. So then we look at the statutes objectively, look at the definitional elements of that, and the court determined that it was not an identical elements problem because the – I'm sorry. I lost my train of thought here. So armed violence predicated on the robbery with a Class I or II weapon, it did have identical elements. I'm sorry. So the two did have identical elements there with armed robbery with a firearm. Since the penalties for both were different, those proportional penalties caused violation. So even though there would be – in the context of armed violence predicated on a robbery with a Class I or II weapon, there are multiple Class I or II weapons that would qualify the defendant for violating that statute. But that didn't stop the court from saying that these two statutes had identical elements. And it's the same here. Different weapons for the Clemens case – of course, they had to list the specific one in the indictment. That doesn't mean that it was only as applied to the defendant. It would be any defendant in the situation of Mr. Clemens. It violates the identical elements test there. If you look at other cases like Ligon, for example, that's one of the more recent Illinois Supreme Court cases, the court determined that a BB gun the defendant was armed with met the broader definition of a bludgeon or a dangerous weapon in the aggravated vehicular hijacking statute. But it did not meet the more specific definition of a bludgeon, dangerous weapon in the armed violence statute. So since the BB gun the defendant was armed with can't be considered a bludgeon or other dangerous weapon of like character under the armed violence statute, the two statutes did not contain identical elements. But, again, in that case, the defendant – it's possible that there would have been an identical elements problem, but the BB gun couldn't be considered a bludgeon under the more specific one. Here is the same thing. The more specific predatory criminal sexual assault statute on the one hand and arguably the broader one of the aggravated criminal sexual abuse – getting tongue-tied with these two different statutory names, so I apologize. But, again, just because one statute is broader and punishes and you can satisfy it in different ways, that doesn't mean we can pretend that that particular language in the statute doesn't exist. And we can't just look to the indictment and say, well, this is an as-applied challenge. We're not making an as-applied challenge. If your honors don't have any further questions, in conclusion, this Court should find that Section A-1 of the PCSA statute and Section C-1 of the ACS abuse statute share identical elements. It should vacate Mr. Moreno's conviction on count one, enter a conviction for aggravated criminal sexual abuse, which is a Class II felony, and then remand it for a resentencing hearing on just that count. And that would run consecutive to the other PCSA count that he was already convicted of. Any other questions? Thank you, Your Honors. Ms. Eve. May it please the Court, Your Honors. The defendant presents what can only be characterized as an as-applied proportionate penalties claim. He asks this Court to find that the specific conduct in the indictment forms the basis of two different offenses, and therefore those two offenses are identical and their disparate sentences are disproportionate. However, our Supreme Court has clearly stated in Williams that as-applied challenges are not permissible when you're looking at the identical elements test. And defendant has not presented an adequate facial challenge to the constitutionality of the predatory criminal sexual assault statute. Therefore, the facial challenge has been forfeited and the as-applied challenge is not permissible. As in People v. Melvin, this Court can and should decline to consider the defendant's constitutional claim. But even if this Court were to look at this claim, the merits of this claim, the claim still fails because these two statutes do not have identical elements. Beginning with the proposition that there's a constitutional presumption that the statute is constitutional, we then look to whether the indictment in this case, the defendant is asking you to look at the indictment in this case and ask if it forms the basis of these two different offenses. But the question under the identical elements test is not whether or not the conduct forms the basis of two different offenses. The identical test, the identical elements test is an objective test. And in this test, this Court is only required to look at the statute as it's written and determine if the elements of two offenses are identical. In other words, did the legislature identify two different offenses and give those two different offenses within two different statutes two different penalties? Here, the answer is no. These two statutes do not have identical elements. As Your Honors mentioned, the Second District recently addressed this issue, this exact issue, in the Johanson case. And when it applied correctly, the identical elements test, it found that these two statutes did not have identical elements. The Johanson decision is supported by precedent. In the defendant's reply brief, he relies extensively on the Clemens case. And I think the Clemens case needs a little bit more discussion because what the Clemens case really did was it took the two statutes it was comparing, armed robbery with a gun and armed violence based on robbery with a gun. And when it compared those two, when it was asked to compare those two offenses, the State in that case made this argument. The State said these two offenses are not identical because one is written more broadly than the other. Obviously, armed violence has numerous predicate offenses, numerous categories of weapons, and armed robbery is more specific. The Court rejected that argument. And the Court clarified when we're looking at the identical elements test, even if a statute is written broadly, you need to pull out the offense from that broad statute that's being charged. And essentially, I think of it as almost an equation. Does armed robbery with a gun equal armed violence based on robbery with a gun? And when you break down those elements, if you're taking property from the presence of someone by force with a gun, you're committing armed robbery. If you're taking property from the presence of someone by force with a gun, you're also committing armed violence based on robbery with a gun. So in Clemens, the Court said, yes, those two offenses are identical. Their disproportionate penalties are unconstitutional. But several years later in the Williams case, our Supreme Court addressed this again. When Williams looked at the statutes, they were looking at two different statutes, aggravated UUW based on no FOID card and the FOID card act. Again, using this analogy of an equation, when they took these two offenses and compared them, they said on this side of the equation, ag UUW has an additional element. It's a location element. In order to prove that offense, you have to prove the defendant was outside of the home. The FOID card act does not have that element. Therefore, because of a different element, an additional element, whatever you want to call it, this additional, this other proof on this side makes these two offenses not identical. Isn't this case distinguishable? Because it's not that the statute supplies or requires an additional element. It's essentially alternative elements, if you will. Are you speaking of the Johansson case, Your Honor? Yes. In Johansson, the actual language they use is it requires something more. When they cite to Williams in making their decision, so when Johansson took these two offenses, they made an analogy to Williams. So where Williams found an additional element, they also found what they called more, which I equate to an additional element. But they're in the disjunctive, or, right? Right. It's not an, so it's not an additional. So you can satisfy this element of, in the definition of sexual conduct, you can satisfy under the aggravated criminal sexual abuse statute, you can satisfy the touching or fondling requirement in a way that's absolutely identical to the definition of predatory criminal sexual assault. Respectfully, Your Honor, I disagree. It's not, the two, the definitions, what Johansson said is when it looked at the two definitions, as in Williams, and this may be helpful, Your Honor. When Williams was making, in the Supreme Court, and Williams was saying, they actually said, quote, since there's no location element in the Foyt Card Act, the two statutes cannot mean the same thing. So making an analogy to Johansson, because there is no requirement in the aggravated criminal sexual abuse statute that the body part being touched is a sex organ or an anus, they cannot mean the same thing. They're inherently different elements. There's different levels of proof. And I believe Your Honor actually gave the example that's mentioned in Johansson, where a person could touch the foot, the scalp, some other part of a child, and you're not committing predatory criminal sexual assault. That inherently makes these two statutes have different requirements of proof. And when you move even past the Williams case, there's multiple examples cited in the people's brief of statutes where the courts have looked at these two and used this same idea behind the identical elements test. Is there something more? Is there something additional? Is there something different in this statute that makes it not identical to the other statute? For instance, in Graves, our Supreme Court looked at theft by unauthorized control versus theft by deception. And it said even though both require proof that someone took control over another's property, they are not equal because theft by deception requires an additional element of deception. Similarly, in Ligon, which is a Supreme Court 2016 case, they looked at aggravated vehicular hijacking with a dangerous weapon on this side of the equation and put armed violence based on vehicular hijacking with a Category 3 on this side. And they said these are not identical because what constitutes a dangerous weapon on this side under ag vehicular hijacking is not a dangerous weapon in the Category 3 enumerated list in armed violence. Something different. Something additional. Something more. So they're not equal. And in Brooks, they looked at aggravated UUW versus UUW and said the same thing. Even though there may be circumstances where a defendant, the conduct of the defendant could violate both. They are not identical because you cannot commit ag UUW unless the gun is loaded. And in UUW, the gun doesn't have to be loaded. So the Court continuously makes these comparisons between what's the additional proof here. And if there is some, then they're not identical. And if we go back to Clemens and Christie, you can see, Your Honors, how they are identical. There's nothing in addition. There's no other elements on either side of the equation that make these, that make the offenses not identical. So, you know, using this analysis and this basis to turn back to our statute at hand, when the Johanson Court looked at contact, however slight, in the predatory statute, and sexual conduct in the aggravated criminal sexual abuse statute, it did say that these are broader. There's a broader amount of categories in the aggravated criminal sexual abuse. But that's not the test. The test isn't, is one broad and one specific? The test is, is there something on either side that the other side doesn't have? And if there is, then it cannot be identical. So the comparison of these two statutes fails the identical elements test. And it doesn't fail the test because one is broader than the other. And it doesn't fail the test because in some circumstances conduct may satisfy both of them. It fails the identical elements test because the two offenses require different proof. And, Your Honor, the exact example you gave is illustrative of that, as well as even looking at simple statutes such as aggravated battery versus battery. If someone were to strike a police officer, they have committed battery and aggravated battery. But without the aggravating factor of a police officer, they haven't committed aggravated battery. So that additional element, that something else, makes those two offenses not identical. And it doesn't matter if the underlying conduct could satisfy both. That's not the test. The test is looking at the statute as written. Are all of the elements identical on both sides? The same is true of residential burglary and burglary. You can break into a building and technically you've committed, you could break into a home, and you've committed residential burglary and burglary. However, if you take that dwelling out of the fact pattern, then you no longer have one of the offenses. Therefore, those two offenses, even though certain conduct can satisfy both, you don't have identical elements. Ms. Rexy, let me circle back to the beginning of your argument. Is it the State's position that the defendant forfeited the constitutional challenge? Here he has forfeited the facial challenge, Your Honor. I acknowledge it. And the Christie case … And what of the fact that we have this sort of rock-solid doctrine that says you can bring the constitutional claim at any time? The Christie case does state that. My colleague is correct in his brief in stating that. But here, because there is no claim that the statute is unconstitutional under any set of facts, he has not adequately presented a facial challenge. His challenge is clearly an as-applied. He asks this Court to look at the specific conduct victim's hand to defendant's penis. So you're making a distinction. Yes. To that rule. Yes. That if you are raising a claim for the first time that a statute is facially unconstitutional, that's okay. But if you're raising a claim for the first time that it's as-applied, you've forfeited it. I'm sorry, Your Honor. Could you repeat that? You lost me for a second. I want to make sure. So is it your position, given the rule that you can raise a constitutional claim at any time on appeal in a criminal defense, that here, because it's as-applied, that's an exception to that rule? Yes, in some circumstances, except this one. Because in this one, our Court has said under the identical elements test, as-applied is not permissible. So in another case scenario, that's possible. Here, it's not. So his facial challenge is forfeited, and his as-applied is just outright not permitted. So in the case in Melvin, the Court had this exact same fact scenario, exact same claim, and the Court did not even address this claim because it was an as-applied claim. It didn't even go to the merits of the case. So, Your Honor, because these two offenses do not have identical elements, there's no constitutional violation in a disproportionate sentence. The legislature certainly has the authority to assign a more serious penalty to what they believe is a more serious offense, in this case, predatory criminal sexual assault. What about your opposing counsel's argument that this isn't as-applied, that he's asking us to look at the indictment or the charges objectively and say that, objectively, these are the same? I think that's the argument here. But if you read the brief, he's specifically citing to the conduct in this case, the hand-to-penis conduct, and how that meets the elements of both. And as I've stated, that's not the test. The test isn't, does this conduct meet two offenses? It's, are the statutes as written identical? And this additional element makes these two statutes not identical. And we ask that Your Honors confirm the defendant's convictions. There's no further questions. Any other questions from the panel? Thank you. Okay, thank you. Mr. Zieve, you've got five minutes. Thank you, Your Honors. I'll be brief. I just want to make crystal clear that we're not making an as-applied challenge to the statute. And just, I'll touch briefly on Williams. And the key distinction here is that in Williams, there was a, there was an additional element, location, that was required for the conviction under one of the statutes. Here, there's no additional element in Section C-1 of the Predatory Criminal Sexual Assault Statute that is missing from Section C-1 of the Aggravated Criminal Sexual Abuse Statute. Because contact between one person's sex organ and the body of another for purposes of sexual gratification is the specifically defined element in the PCSA provision, and that same contact is also included in the definition of sexual conduct under the ACS Abuse Statute, the elements of these offenses are identical. And I'll quote from Wagon here, and the defendant could be charged with either, yet the offenses had disparate sentences. In this case, Mr. Moreno could have been charged under either of these statutes for the same conduct. It just so happens that he was charged under the PCSA statute. But again, look, this Court just cannot ignore that that language is the same. It should follow the precedent that started with Christie and has continued on through Ligon and Hernandez and Clemens. And for the reasons I mentioned earlier, this case, this Court should reverse this conviction, Mr. Moreno's conviction for predatory criminal sexual assault, and institute a conviction for aggravated criminal sexual abuse and then remand for resentencing on that single count. Thank you, Counsel. Thank you. For your arguments, the Court will take the matter under advisement that being the only case on the agenda for today, the Court will stand in recess.